NATHAN TURNER
C44886-C2-125
POST OFFICE BOX 8503
COALINGA, CA 93210
IN PRO. SE



FILED
JAN 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF FRESNO

IN re

NATHAN TURNER,

on Habeas Corpus

No. 08 CV 0181 IEG LSP

PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF

I

SUBJECT MATTER

On 2-6-06, at approximately 0900 hours, petitioner was ducated and scheduled for an appointment, at High Desert State Prison Central Treatment Center. Petitioner arrived at said appointment. This appointment was for the compliance of Penal Code section 296. By which Palm/Print finger prints are to be completed prior to an prisoner release date. Petitioner refused to submit to the above mentioned-indicated required specimens. Under the provisions of the California Code of Regulations, TITTLE 15,

(1)

1. ARTICLE 1.5. SECTION § 3025.(2) DNA AND FORENSIC IDENTIFICATION. (SEE EXHIBIT-B). PETITIONER WAS WROTE UP UNDER A RULE VIOLATION REPORT NOT CONSISTANT WITH CAL. CODE OF REGS. TIT. 15. SECTION § 3005(b) "CONDUCT." PETITIONER IN KNOW WAY DISREGARDED "OBEYING ORDERS". PETITIONER ARRIVED AT CENTROL TREATMENT CENTER (CTC) AS SCHEDULED ON 2-11-04, AT APPROX. 0900 HOURS. (SEE EXHIBIT-B) PETITIONER CONTENDS BEING TRANSFERED TO ANOTHER PRISON AND THE OTHER PRISON MAY ASK AGAIN FOR SUBMISSION OF DNA WILL SUBJECT HIM TO SUBSTANTALLY MORE UNWARRENTED SEVERE RULES VIOLATIONS REPORTS, AND WILL ADD UP TO TAKING MORE DAYS OF LOSS OF CREDIT ALONG BEHAVIOR POINTS ADDED TO PETITIONER BEING RETAINED AT A LEVEL-4 PRISON. PETITIONER SEEKS AN ORDER/INJUNCTION TEMPORARILY RESTRAINING ORDER RESTRAINING W.J. SULLIVAN, (WARDEN) FROM ISSUING MORE RULE VIOLATION REPORTS PERTAINING SUBMISSION OF DNA PENDING A HEARING ON THE MERITS, AND AN ORDER REQUIRING RESPONDENTS TO AFFORD PETITIONER DUE PROCESS OF LAW.

## II.
## PARTIES

2. PETITIONER NATHAN TURNER IS A PRISONER CURRENTLY INCARCERATED AT CALIFORNIA CORRECTIONAL INSTITUTION PRISON. HE DOES NOT BY THIS PETITION ATTACK THE VALIDITY OF HIS CONVICTION.

3. WILLIAM J. SULLIVAN IS THE WARDEN OF CALIFORNIA CORRECTIONAL INSTITUTION AND THE LEGAL CUSTODIAN OF PETITIONER.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

4. JOANNA WOODFORD IS THE DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS (DEPARTMENT) AND IS RESPONSIBLE FOR THE OPERATIONS OF THE DEPARTMENT, INCLUDING THE OPERATION OF CALIFORNIA CORRECTIONAL INSTITUTION PRISON.

## III.
## FACTS

5. PETITIONER HAS SINCE BEEN TRANSFFERD FROM HIGH DESERT STATE PRISON IN SUSANVILLE CALIFORNIA. PETITIONER NOW RESIDE DOWN IN SOUTHEREN CALIFORNIA PRISON Cal. Corr. Inst. IN TEHACHAPL CALIFORNIA. (SEE EXHIBIT-C, C1)

6. ON 2-11-04, AT APPROXIMATELY 0900 HOURS PETITIONER WAS SCHEDULED AND APPOINTMENT TO ARRIVE AT (H.D.S.P.)(CTC) MAIN INFIRMARY. (SEE EXHIBIT-B) PETITIONER COMPLIED WITH A STAFF ESCORT. PETITIONER WAS THEN ASKED TO SUBMIT DNA FORENSIC IDENTIFICATION COLLECTION IN ACCORDENCE TO CALIFORNIA CODE OF REGS. TITLE 15. SECTION §3025(a). IN WHICH PETITIONER REFUSED, AND EXPLAINED TO CORRECTIONAL OFFICER B. BAKER, THAT I'VE SUBMITTED THESE NECESSARY SAMPLE WAY BACK IN 1996 AND REFUSE GIVING ANY MORE. (SEE EXHIBIT-D, D1).

7. ON 2-15-04 PETITIONER RECEIVED A (CDC-115) RULES VIOLATION PERTAINING TO "OBEYING ORDERS" CALIFORNIA CODE OF REGULATIONS TITLE 15. SECTION §3005(a) "CONDUCT" ACTS OF REFUSAL TO COMPLY WITH PENAL CODE SECTION §296. (SEE EXHIBIT-B)

8. ON 2-15-04 CORRECTIONAL OFFICER D.J. CLARK WAS AS-

SIGNED AS THE INITIAL INVESTIGATING C/O IN ACCORDENCE TO CAL CODE OF REGS. TIT. 15 SECTION § 3315 (SEE EXHIBIT-B pg2) AND THE INVESTIGATION WAS COMPLETED ON 2-19-04.

9. ON 2-17-04 RECORDED PETITIONERS STATEMENT REGARDING HIS STATEMENT PERTAINING TO RULE VIOLATION REPORT PETITIONER EXPLAINED ALL DNA SAMPLES HAVE BEEN SUBMITTED TO THE DEPARTMENT OF JUSTICE. I WILL PRESENT EVIDENCE WITH THE HEARING OFFICER. (SEE EXHIBIT-D) PETITIONER ALSO REQUESTED INMATE WESTBROOK E-31350 TO WITNESS SAID DOCUMENTS SHOWN TO C/O BAKER FOR VERIFICATION. (SEE EXHIBIT-B, pg.2)

10. ON 2-19-04 PETITIONER RECEIVED HIS FINAL COPY OF THE INVESTIGATIVE EMPLOYEE REPORT.

ON 2-20-04 PETITIONER WAS SUMMONED TO PROGRAM OFFICE IN WHICH TO HAVE THE HEARING HEARD. UPON BEING ESCORTED BY STAFF TO THE OFFICE WE WERE APPROACHED BY A YARD STAFF HE SAID TO THE ESCORTING STAFF WITH ME THAT INMATE CAN'T GO TO THE PROGRAM OFFICE WITHOUT WEARING STATE BOOTS IN WHICH I WAS WEARING PERSONAL TENNIS SHOES AFTER EXPLAINING TO THE C/O I HAVE A SOFT SHOE CHRONO FROM STAFF PHYSICIAN, AND BEING ON CRUTCHES I WAS ESCORTED BACK TO HOUSING UNIT NEVER BEING INTERVIEWED BY HEARING OFFICER.

11. ON 2-9-04 PETITIONER WAS ENDORSED TO TRANSFER. ON 2-25-02 PETITIONER TRANSFERRED DOWN TO SOLANO STATE PRISON. (SEE EXHIBIT-C, pg2) PETITIONER NEVER HAD HIS CDC-115 ADJUDICATED BEFORE LEAVING (H.D.S.P.) ON 3-9-04 PETITIONER APPEARED IN FRONT OF CSP-SOLANO STATE PRISON COMMITTEE PROGRAM REVIEW PETITIONER WAS ADVISED THAT HE HIS A

(4)

1. PENDING CDC-115 IN C-FILE THAT HAS NOT BEEN ADJUDICATED. ON 4-22-04 PETITIONER WAS CALLED TO HIS COUNSELOR AT CSP SOLANO OFFICE COUNSELOR A. VALENCIA-CC-I STATED TO PETITIONER THAT HIS CDC-115 RULE VIOLATION REPORT HAS NOW ALL OF A SUDDEN BEEN ADJUDICATED AND IT APPEARS I'LL BE REFERRING YOUR CASE BACK TO THE UNIT CLASSIFICATION COMMITTEE FOR PROGRAM REVIEW. PETITIONER'S CLASSIFICATION POINTS WERE INCREASED TO TO CDC-115.

12. ON 5-4-04 PETITIONER ONCE AGAIN WAS ENDORSED TO C.C.I. CALIFORNIA CORRECTIONAL INSTITUTION.(SEE EXHIBIT-C).

13. ON 5-13-04 PETITIONER FILED A INMATE APPEAL WHICH WAS SUBSEQUENTLY DENIED WITH THE ENCLOSED SCREENING CDC-695 FORM.(SEE EXHIBIT-A). PETITIONER NEVER MET TIME REGULATIONS BECAUSE HE NEVER APPEARED IN FRONT OF A HEARING OFFICER AS DEFINED IN CAL CODE OF REGS. tit 15 SECTION §3320.(g) NOR WAS HE GIVEN THE FINAL DISPOSITION UNTIL HE ASKED HIS COUNSELOR FOR A FINAL DISPOSITION COPY AT HIS U.C.C. HEARING.(SEE EXHIBIT-B) ALL COPIES NOT ORIGINALS.

14. ON 10-27-2004 PETITIONER RECEIVED THE DIRECTOR'S LEVEL APPEAL DECISION IT HAS SUBSEQUENTLY BEEN DENIED WHEREFORE PETITIONER HAS KNOW OTHER EXHAUSTIVE REMEDY BUT TO FILE A STATE WRIT OF HABEAS CORPUS.(SEE EXHIBIT-A)

IV.
CONTENTION

15. THE ARBITRARY AND DISREGARDS OF A PRISONERS DUE PROCESS SAFEGARDS DONE AGAINST RECOMMENDED DEPARTMENT PROCEDURES AND WITHOUT CONSIDERATIONS OF FACTOR'S PARTICULAR TO THE

individual prisoner and without providing the prisoner with an opportunity to contest his CDC-115 rule Violation Report violates the due process clauses of the State and Federal Constitutions.

V.

PRAYER FOR RELIEF

16. Petitioner is without remedy save by writ of habeas corpus; wherefore, petitioner prays that this court;

1. Issue a writ of habeas corpus;

2. temporarily restrain respondents from issuing more unwarranted CDC-115 (RVR) to petitioner;

3. Declare the rights of personer;

4. Enjoin respondent's from denying petitioner his right affording him due process of law;

5. Award attorney fee's

6. Stop defendent's from any kind or future form of retaliation or abuse directed at/or on petitioner, from the Department of Corrections, (CDC) and its staff members or associates, because of the action that is being filed on them.

7. Retract/expunge all CDC-115's and CDC-128's from petitioners central file.

8. Grant any and all further the interest relief this court deems necessary to further the interests of justice.

DATED: _____

Respectfully Submitted,

*Nathan Turner*
Nathan Turner

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PETITION

## ARGUMENT

THE ARBITRARY AND DISREGARDS OF A PRISONERS DUE CONSIDERATION OF FACTORS PARTICULAR TO THE INDIVIDUAL PRISONER AND WITHOUT THE PROVIDING PETITIONER WITH AN OPPORTUNITY TO CONTEST THE CDC-115(RVR) WHICH VIOLATES THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTION.

IN WOLFF v. McDONNEL, 418 U.S. 539, 94 S.Ct 2994 (1974) THE UNITED STATES SUPREME COURT HELD: THE PHARSE "DUE PROCESS OF LAW" IS FOUND IN BOTH THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION. THE FIFTH AMENDMENT APPLIES TO FEDERAL ACTION WHILE THE FOURTEENTH AMENDMENT APPLIES TO STATE ACTION. THE SUPREME COURT INDICATES THAT "DUE PROCESS" HAS TWO ASPECTS: SUBSTANTIVE AND PROCEDURAL. THE SUBSTANTIVE ASPECT OF "DUE PROCESS" INVOLVES THE FUNDAMENTAL RIGHTS OF AN INDIVIDUAL, SUCH AS LIFE AND LIBERTY, WHICH ARE PROTECTED FROM GOVERNMENT ACTION. THE PROCEDURAL ASPECT OF "DUE PROCESS" DEALS WITH THE MEANS BY WHICH A GOVERNMENT ACTION CAN AFFECT THE FUNDAMENTAL RIGHTS OF AN INDIVIDUAL. ONLY AFTER CERTAIN "FAIR PROCEDURES" ARE FOLLOWED CAN THE GOVERNMENT ACT OR DEPRIVE AN INDIVIDUAL OF A FUNDAMENTAL RIGHT. HOWEVER, THE EXTENT PROCEDURAL RIGHTS GUARANTEED DEPEND UPON THE STATUS OF THE INDIVIDUAL (FREE CITIZEN-PRISONER), THE TYPE OF ACTION CONTEMPLETED AND THE RIGHTS AT ISSUE, AND THE NATURE OF THE FORUM PAROLE HEARING / DISCIPLINARY HEARING, ETC.).

IN PEOPLE v. RAMIREZ, (1979) 25 C.3d 260, OUR STATE SUPREME COURT DECLARED ITS INDEPENDENCE FROM THE FEDERAL RULE.

The court found the California Constitution (Article 1, §7 and 15) did not condition the necessity for procedural due process on the existence of statutory or administrative entitlement. The court held: "[W]hen an individual is subjected to deprivatory governmental action, he always has a due process liberty interest both in fair and unprejudical decision-making and in being treated with respect and dignity." Ibd. at 268. Under either analysis petitioner is entitled to some form of procedural due process and to freedom from arbitrary state action. The federal approach requires an inquiry into the state statutory and regulatory scheme. Penal Code § 2932.(2)(ii)(3)(4) does place limits on the authority of the director. However, the director has, by her own rules, set forth certain criteria for rule violation reports to be heard by senior hearing officials. Penal Code 5058.3. As a result, <u>Wolff</u> established the most widely cited due process standards for a prison disciplinary hearing. [It should be noted that other cases, such as <u>Baxter V. Palmigiano</u>, 510 F. 2d 534, 1st Cir. 1974) a case following the Wolff decision, provides stricter guidelines for due process setting requires:

  1. Advance written notice of the charges against prisoner must be given at least 24 hours prior to his appearance before the disciplinary prison hearing senior official.

  2. There must be a written statement by the factfinder as to evidence relied upon and reasons for the disciplinary actions.

  3. The petitioner should be allowed to call witnesses and present documentary evidence in his defense providing there is no undue hazard to institutional

SAFETY OR CORRECTIONAL GOALS.

4. COUNSEL SUBSTITUE SHOULD BE ALLOWED WHERE PRISONER IS ILLITERATE OR WHERE THE COMPLEXITY OF THE ISSUES MAKE IT UNLIKELY THAT THE PRISONER WILL BE ABLE TO COLLECT AND PRESENT THE EVIDENCE NECESSARY FOR AN ADEQUATE COMPREHENSION OF THE CASE.

5. THE PRISON SENIOR DISCIPLINARY OFFICIAL MUST BE IMPARTIAL.

## CONCLUSION

HAD THE SENIOR HEARING OFFICIAL GONE WITH ALL OFFICIAL PROCEDURES IN WHICH HE IS OBLIGATED TO FOLLOW IN CONDUCTING INTERNAL DISCIPLINARY HEARINGS BY SUMMING PETITIONER FOR HIS APPEARANCE PETITIONER WOULD HAVE PRESENTED HIS EVIDENCE SHOWING THAT HE HIS COMPLIED WITH NECESSARY PENAL CODE 2.96, 290.2.

THIS WAS CREDIBLE EVIDENCE CONTRADICTING THE VERSION OF STAFF WISHES TO USE AGAINST PETITIONER. THEREFORE, THE HEARING BY SENIOR OFFICIAL NOT CALLING PETITIONER'S WITNESSES DEFICIENCIES AND EVIDENCE ALONG WITH PROCEDURIAL IRREGULARITIES ARE SHOWN. PRISONERS ARE NOT STRIPPED OF THEIR CONSTITUTIONAL RIGHTS, INCLUDING THE RIGHT TO DUE PROCESS, WHEN IMPRISONED.

RESPECTFULLY SUBMITTED

Nathan Turner
IN PRO. PER.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED JAN 28 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY**

**I (a) PLAINTIFFS**

Nathan Turner

**DEFENDANTS**

James A. Yates

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Solano
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

FILING FEE PAID: Yes ___ No ✓
IFP MOTION FILED: Yes ✓ No ___
COPIES SENT TO: Court ___ No Pro ___

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Nathan Turner
PO Box 8503
Coalinga, CA 93210
C-44886

**ATTORNEYS (IF KNOWN)**

'08 CV 0181 IEG LSP

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $ ____    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ____    Docket Number ____

DATE  1/28/2008    SIGNATURE OF ATTORNEY OF RECORD  R. Muell