# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN KEVIN TURNER,<br><br>          Petitioner,<br><br>vs.<br><br>JAMES A. YATES, Warden,<br><br>          Respondent. | Civil No.   08cv0181-IEG (LSP)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |

Petitioner is a California state prisoner currently incarcerated at the California Medical Facility in Vacaville, California, proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that while he was incarcerated at the High Desert State Prison Control Treatment Center in Susanville, California, he was subject to disciplinary proceedings in violation of his federal due process rights when he refused to submit to fingerprinting and to provide DNA samples as required of all prisoners by California law. Petitioner states that he is not challenging his conviction. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Eastern District of California. The Court does not rule on Petitioner's in forma pauperis request.

A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit

1  Court, 410 U.S. 484, 497 (1973).  Petitioner here challenges a disciplinary action which took
2  place at the High Desert State Prison in Susanville, California.  That prison is located in Lassen
3  County, within the jurisdictional boundaries of the United States District Court for the Eastern
4  District of California.  See 28 U.S.C. § 84(b).  Petitioner is presently confined at the California
5  Medical Facility in Vacaville, California.  That prison is located in Solano County, also within
6  the jurisdictional boundaries of the United States District Court for the Eastern District of
7  California.  See 28 U.S.C. § 84(b).  Jurisdiction over this Petition thus exists in the Eastern
8  District of California.  See 28 U.S.C. § 2241(d).

9      It is generally the practice of the district courts in California to transfer habeas actions
10  challenging disciplinary proceedings to the district in which the disciplinary proceeding took
11  place.  Any and all records, witnesses and evidence necessary for the resolution of a petitioner's
12  contentions are more readily available in that district.  See Braden, 410 U.S. at 497, 499 n.15;
13  Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  In this case, that district is the Eastern
14  District of California.  Therefore, in the furtherance of justice,

15      **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
16  District Court for the Eastern District of California.  See 28 U.S.C. § 2241(d).

17      **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
18  upon Petitioner and upon the California Attorney General.

19

20  **DATED: February 1, 2008**

21  
22                            **IRMA E. GONZALEZ, Chief Judge**
                          **United States District Court**

23

24  CC:    ALL PARTIES

25
26
27
28